UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DIANA J. FULLER, ) | |
| ) | |
| Plaintiff, ) | 2:10-cv-00288 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| MARICOPA COUNTY COMMUNITY ) | [Re: Motion at Docket 28] |
| COLLEGE DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 28, defendant Maricopa County Community College District ("defendant" or "District") moves pursuant to Federal Rule 12(c) for judgment on the pleadings. Plaintiff Diana J. Fuller ("plaintiff" or "Ms. Fuller") opposes the motion at docket 29. Defendant's reply is at docket 31. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

The District hired Ms. Fuller in 1984 to teach occupational courses at a community college. Ms. Fuller held a master's degree in management. Ms. Fuller was immediately reassigned to teach both occupational and academic courses. In 1988

Ms. Fuller transferred to a different community college within the District. At her new school, Ms. Fuller was assigned to develop academic courses in the business department. She received no adjustment in salary and was denied a salary increase for having achieved a master's degree. In 1996, Ms. Fuller was denied a salary increase for having completed a series of courses in "Total Quality Management" and for having taken a lower-division computer course. Ms. Fuller maintains that, despite prior approval of her course of study, the District informed her that "the policy for accepting lower-division courses had changed."[1] Ms. Fuller also maintains that two male co-workers in the business department received "horizontal salary advancements" for having master's degrees and for having taken lower-division courses.[2]

In May 2009, Ms. Fuller filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC"). She received a right-to-sue letter in November 2009. Ms. Fuller filed this suit in February 2010, asserting claims under Title VII, the Lilly Ledbetter Fair Pay Act of 2009, and the Equal Pay Act.

### III.  STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[3] Because "Rules 12(b)(6) and 12(c) are substantially identical,"[4] a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which

---

[1] Doc. 1 ¶ 17.

[2] *Id.* ¶ 18.

[3] Fed. R. Civ. P. 12(c).

[4] *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

relief may be granted under Rule 12(b)(6).[5]  In Ruling on a Rule 12(c) motion, a court must "determine whether the facts alleged in the complaint, . . . taken . . . as true, entitle the plaintiff to a legal remedy."[6]  "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings."[7]  A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[8]

### IV.  DISCUSSION

Defendant's sole argument is that representations made in a previous complaint–voluntarily dismissed by plaintiff–preclude her current claims.  Specifically, defendant argues that in a 2004 charge filed with the EEOC and in a subsequent complaint, Ms. Fuller identified both men and women who were treated more favorably.[9]  Consequently, defendant argues, she is unable to establish a prima facie case of unlawful discrimination under the *McDonnell-Douglas* framework.[10]

---

[5] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[6] *Strigliabotti*, 398 F. Supp. 2d at 1097.

[7] *Id.*

[8] *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009).

[9] *See* doc. 28 at 9.

[10] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Title VII "[p]laintiffs may establish a prima facie case based on circumstantial evidence by showing: (1) that they are members of a protected class; (2) that they were qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and *(4) that similarly situated individuals outside their protected class were treated more favorably* . . . ." *Hawn v. Executive Jet Mgmt.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (emphasis added) (internal quotations omitted).

Although defendant denies making any sort of res judicata or estoppel argument,[11] its argument plainly concerns the effect of a previously filed complaint. That complaint was voluntarily dismissed pursuant to Federal Rule 41(a)(1).[12] A voluntary "dismissal leaves the parties as though no action had been brought"[13] and "leaves the situation as if the action never had been filed."[14] Defendant's argument contravenes this interpretation of Rule 41, to which the Ninth Circuit has "adhered slavishly."[15]

While the parties dispute the effect of considering the earlier EEOC charge and complaint on the present motion,[16] defendant's entire argument is premised on a faulty conception of Rule 41. The content of Ms. Fuller's earlier filings has no bearing on defendant's Rule 12(c) motion, and therefore, the court need not examine whether Rule 12(d) would require the court to treat defendant's motion as one for summary judgment if it were to consider the contents of the earlier filings.

---

[11] *See* doc. 31 at 2 n.1.

[12] Doc. 28-1 at 27.

[13] *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995).

[14] *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002).

[15] *Id.*

[16] *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

## V.  CONCLUSION

For the foregoing reasons, defendant's motion at docket 28, for judgment on the pleadings pursuant to Federal Rule 12(c) is **DENIED**.

DATED this 25th day of February 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE